IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| HARRY SAMELSON and DAN ROKOVITZ,<br><br>　　　　　　　Plaintiffs,<br><br>vs.<br><br>KAREN JEFFERY dba PACIFIC ISLAND INVESTMENTS; DOE DEFENDANTS 1-20; DOE CORPORATIONS 1-20; DOE PARTNERSHIPS 1-20; DOE GOVERNMENTAL AGENCIES 1-20; DOE AGENCIES 1-20; and OTHER ENTITIES 1-20,<br><br>　　　　　　　Defendants. | CIVIL NO. CV-00-00564 (KSC)<br>(Contract)<br><br>DECLARATION OF RONALD T. MICHIOKA |

[2001631 \ 362376]

## DECLARATION OF RONALD T. MICHIOKA

I, RONALD T. MICHIOKA, declare and state as follows:

1.  I am an attorney duly admitted to practice before all of the courts in the State of Hawai'i.

2.  I am an associate with the law firm of Ayabe Chong Nishimoto Sia & Nakamura, and in that capacity, serve as one of the attorneys for the Real Estate Commission for the State of Hawai'i, on matters relating to the Real Estate Recovery Fund.

3.  On September 17, 2001, a Judgment in a Civil Case (hereinafter referred to as "the Judgment") was entered in favor of

Plaintiffs Harry Samelson and Dan Rokovitz ("Plaintiffs") and against Defendant Karen Jeffery dba Pacific Island Investments, in the amount of $130,000.00, which was trebled pursuant to Sections 480-2 and 480-13, Hawaii Revised Statutes. A true and correct copy of the Judgment is attached hereto as **Exhibit "A,"** and made a part hereof.

  4. The foregoing Judgment has not been appealed, reversed, modified or set aside, in whole or in part, and remains in full force and effect.

  5. Plaintiffs thereafter successfully moved for payment in partial satisfaction of the Judgment from the Real Estate Recovery Fund in the amount of $50,000.00, pursuant to Chapter 467, H.R.S.

  6. Upon payment by the REC of $50,000.00, the REC was subrogated to Plaintiffs' rights, interest and title in the Judgment, pursuant to §467-22, H.R.S.

  7. Further pursuant to §467-22, H.R.S., Plaintiffs assigned their rights, interest and title in the Judgment, up to the amount of $50,000.00. Attached hereto as **Exhibit "B"** is a true and correct copy of Plaintiffs' Partial Assignment of Judgment, which was recorded on January 23, 2003 with the Bureau of Conveyances at Document Number 2003-012202.

8. Pursuant to said Judgment, and Partial Assignment of Judgment, there is now due and owing to the Real Estate Commission by Judgment Debtor KAREN JEFFERY, the sum of $50,000.00, plus interest, pursuant to §478-3, H.R.S., from September 17, 2001 to the date of this motion (or to any date determined by this Court to be just, fair and equitable), in the amount of $32,489.24, for a total amount of **$82,489.24**, computed as follows:

| | |
|---|---|
| Amount of Judgment: | $50,000.00 |
| Post-Judgment Interest @ 10% per annum ($5,000.00 per annum) | |
| 9-17-01 to 9-17-07 (6 years): | $30,000.00 |
| Per diem rate of $13.69 ($5,000.00 ÷ 365 days): | |
| 9-18-07 to 12-31-07 (104 days) | $ 1,423.76 |
| Per diem rate of $13.66 ($5,000.00 ÷ 366 days (leap year)): | |
| 1-1-08 to 3-19-08 (78 days) | $ 1,065.48 |
| **TOTAL:** | **$ 82,489.24** |

9. None of the above computations apply post-judgment interest to prejudgment interest.

10. The REC now seeks to garnish any of the goods and effect of Judgment Debtor KAREN JEFFERY, any debts owed to Judgment Debtor KAREN JEFFERY, any monies of Judgment Debtor KAREN JEFFERY in the possession of garnishee, or any wages, salary, stipend, commissions, annuity or net income under a trust of

Judgment Debtor KAREN JEFFERY held by garnishee and the REC now seeks an order directing garnishee to appear and disclose under oath, as required by law, whether it at the time of service of said Summons had or expected to have (a) any of the goods or effects of Judgment Debtor KAREN JEFFERY and if so, the nature, amount and value of same; or (2) whether it was or is indebted to Judgment Debtor KAREN JEFFERY and if so, the nature and amount of such debts; or (3) whether it had any monies of Judgment Debtor KAREN JEFFERY in its possession and if so, the amount thereof, or (4) whether Judgment Debtor KAREN JEFFERY was owed or expected to be owed any wages, salary, stipend, commissions, annuity or net income under a trust, and if so, the amounts or rates thereof.

11. I am informed and believe that Judgment Debtor KAREN JEFFERY has deposited with Garnishee certain amounts of money necessary to have Garnishee issue its bond number 105023076, in the amount of Sixty-six Thousand Six Hundred Sixty-six and 24/100 Dollars ($66,666.24) to allow Judgment Debtor KAREN JEFFERY to obtain an order of attachment against the Defendants in Judgment Debtor KAREN JEFFERY's action, entitled, *Karen Jeffery v. Ruby A. Wong, All Island, Inc. dba Century 21 All Islands, J. Robert Lightbourn, et al.*, now pending in the Circuit Court of the Second Circuit, Civil

Number 07-1-0390(1), as evidenced by the "Attachment" dated January 4, 2008, a true and correct copy of which is attached hereto as **Exhibit "C."**

  12. Upon information and belief, none of the funds or assets sought herein are traceable to Adults with Dependent Children ("ADC") benefits. Judgment Debtor KAREN JEFFERY would not be eligible for ADC benefits, based upon her resume, at page 4, which states that she had two children between the years of 1966 and 1968, making her children 40 to 42 years of age at present. A true and correct copy of Judgment Debtor KAREN JEFFERY's resume posted on the Internet is attached hereto as **Exhibit "D."**

  I, RONALD T. MICHIOKA, do declare under penalty of law, that the foregoing is true and correct.

  DATED: Honolulu, Hawai'i, March 19, 2008.

_____<br>RONALD T. MICHIOKA